UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANNA K. CURRY, ) | CIVIL ACTION NO.: |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PALMETTO SURETY CORPORATION, ) | |
| 24/7 BAILBONDS, LLC, ) | |
| WILLIAM SOBOTA and JERRY CAO, ) | |
| ) | |
| Defendants. ) | FEBRUARY 23, 2021 |

## COMPLAINT

Plaintiff Anna K. Curry, through her undersigned counsel, hereby files this Complaint and alleges as follows:

### PARTIES

1. Plaintiff Anna K. Curry ("Plaintiff") is an individual who resides at 4939 Cameron Valley Parkway in Charlotte, North Carolina.

2. Defendant Palmetto Surety Corporation ("PSC") is a South Carolina corporation which maintains a principal place of business at 75 Port Landing, Suite 130 in Charleston, South Carolina. PSC is in the business of providing bail surety bonds. PSC regularly transacts business in Connecticut and otherwise has sufficient minimum contacts with Connecticut so as to be subject to its jurisdiction over it.

1

3. Defendant 24/7 Bailbonds, LLC ("24/7") is a Connecticut limited liability company which maintains a principal place of business at 615 East Main Street in Meriden, Connecticut. 24/7 is in the business of providing bail surety bonds and serving as a Connecticut agent for out-of-state providers of bail surety bonds. At all relevant times, 24/7 held surety bail bond license 2258058 issued by the Department of Insurance of the State of Connecticut.

4. Defendant William J. Sobota ("Sobota") is an individual who maintains an address at 615 East Main Street in Meriden, Connecticut. Sobota is a principal of 24/7.

5. Defendant Jerry Cao ("Cao") is an individual who, upon information and belief, maintains an address at 6 Village View Terrace in Meriden, Connecticut. At all relevant times, Cao held surety bail bond license 2409567 issued by the Department of Insurance of the State of Connecticut.

6. PSC, 24/7, Sabota and Cao are collectively referred to as "Defendants".

7. Defendants and Plaintiff are referred to as "Parties".

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the Parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because at least one Defendant resides in this district and the majority of the acts and omissions giving rise to the claim occurred in the district.

## NATURE OF THE CASE

10. On or about January 9, 2020, PSC, through its agent, 24/7, posted a bond in the penal sum of $6,000,000.00 to secure the conditional release of the defendant in the matter of State v. Dulos, D.N. CR-20-0241180-T (the "Bond").

11. The Bond commanded a premium of $420,150.00, and, in particular, a premium deposit of $148,000.00 (the "Premium Deposit").

12. On or around January 9, 2020, Plaintiff paid $147,000.00 of the Premium Deposit to 24/7 as agent for PSC by means of two cashier's checks (the "Plaintiff's Premium Deposit"). Plaintiff hand delivered these checks to Sobota in Farmington, Connecticut. Cao acknowledged receipt of the Plaintiff's Premium Deposit.

13. On January 28, 2020, PSC moved to revoke the Bond on the grounds that it had exceeded the limitations of risk set by Conn. Gen. Stat. § 38a-73.

14. The Bond was void ab initio by virtue of the fact that PSC acknowledged that it had violated Conn. Gen. Stat. § 38a-73.

15. Defendants have provided no benefit to Plaintiff.

16. Plaintiff has demanded the return of Plaintiff's Premium Deposit.

17. Despite demand, Defendants have retained Plaintiff's Premium Deposit.

### FIRST COUNT – UNJUST ENRICHMENT
(Against Defendants)

18. Paragraphs 1 through 17, inclusive, are hereby incorporated as if fully set forth herein.

19. Defendants have been unjustly enriched by their retention of Plaintiff's Premium Deposit.

20. It would thwart the interests of justice if Defendants were allowed to retain Plaintiff's Premium Deposit.

### SECOND COUNT -- CONVERSION
(Against Defendants)

21. Paragraphs 1 through 17, inclusive, are hereby incorporated as if sully set forth herein.

22. Defendants have misappropriated $147,000.00 of Plaintiff's' cash, namely Plaintiff's Premium Deposit.

23. At all relevant times, title to Plaintiff's Premium Deposit was retained by Plaintiff.

24. Despite demand, Defendants have failed or refused to return any of Plaintiff's Premium Deposit.

25. By misappropriating Plaintiff's Premium Deposit, Defendants have exercised dominion and control over Plaintiff's personal property without justification.

26. Defendants' actions were willful and deliberate.

27. Defendants have converted at least $147,000.00 of Plaintiff's cash.

28. Plaintiff has been directly and proximately damaged by Defendants' actions.

### THIRD COUNT--CIVIL THEFT PURSUANT TO CONN. GEN. STAT. § 52-564
(Against Defendants)

29. Paragraphs 1 through 17, inclusive, are hereby incorporated as if sully set forth herein.

30. Defendants stole Plaintiff's property, specifically, Plaintiff's Premium Deposit.

31. Defendants knowingly received and concealed property stolen from Plaintiff, specifically, Plaintiff's Premium Deposit.

32. As a direct and proximate result of Defendants' actions, Plaintiff has incurred damages.

33. Defendants have violated Conn. Gen. Stat. § 52-564.

34. Pursuant to Conn. Gen. Stat. § 52-564, Plaintiff is entitled to treble the damages caused by Defendants' actions.

## PRAYER FOR RELIEF

1. Compensatory damages in the amount to be determined at trial (all counts);

2. With regard to the Second Count, punitive damages:

3. With regard to the Third Count, treble damages pursuant to Conn. Gen. Stat. § 52-564.

4. Interest pursuant to Conn. Gen. Stat § 37-3a(a);

5. Attorney's fees;

6. Costs; and

7. Such other and further relief as the Court deems just and proper.

>    THE PLAINTIFF
>    ANNA K. CURRY
>    BY HER ATTORNEY
>
>    */s/ Stephen J. Curley*
>    Stephen J. Curley (ct #09821)
>    Law Offices of Stephen J. Curley, LLC
>    Six Landmark Square, Fourth Floor
>    Stamford, CT 06901
>    Telephone (203) 327-1317
>    Facsimile (203) 276-8768
>    Email: scurley@cur-law.com