UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANNA CURRY,<br>      Plaintiff,<br><br>v.<br><br>PALMETTO SURETY CORPORATION,<br>et al.,<br>      Defendants. | No. 3:21-cv-221 (SRU) |

## CONFERENCE MEMORANDUM AND ORDER

On December 16, 2021, I held a status conference on the record with Stephen Curley, attorney for the plaintiff, and Joseph B. Burns, attorney for the defendant.

First, I sought a status update on the proceedings since our October 13, 2021 hearing. Minute Entry, Doc. No. 39. Plaintiff reported on the parties' standing-related discovery, including: depositions of defendants 24/7 Bail Bonds, through its representative William Sobota, and Jerry Cao; document discovery; the fulfillment of a Freedom of Information ("FOI") request to the State of Connecticut and Connecticut Insurance Department; and a pending FOI request to the State of South Carolina. Plaintiff indicated that a desired deposition of defendant Palmetto Surety Corp. has been delayed due to the large volume of exchanged documents and on-going review. Defendants reported that the parties have also been negotiating an e-discovery agreement.

Next, I asked for a status update regarding the supplemental briefing ordered at the hearing and inquired whether Defendants intended instead to pursue a summary judgment motion, explaining that the volume of discovery suggested that the pending motion to dismiss seemed more appropriate for summary judgment. The parties indicated that they were on track to complete the supplemental briefing on schedule.

I also asked whether the parties had obtained information regarding the Connecticut Insurance Department's interpretation of the enforceability of the Fotis Dulos bail bond through discovery. The parties referred to documents already in the record. I explained that I was considering asking the Department for its opinion. Defense counsel expressed reservations and promised to confer with his clients.

Second, I articulated concern that the parties' post-hearing activities were not responsive to my understanding of the ultimate issue in this case: whether Plaintiff's contract with Defendants was unenforceable, warrants recission, and whether Defendants' retention of her deposit accordingly constitutes unjust enrichment. In addition to a colloquy regarding Plaintiff's concerns about the validity of the alleged contract at issue and Defendants' intent to file a counterclaim against Plaintiff for the remaining amount due on the bond, Plaintiff described intent to address the enforceability of the contract pursuant to Conn. Gen. Stat. § 38a-73 in the next round of briefing. In addition, Plaintiff expressed agnosticism regarding proceeding with supplemental briefing on the motion to dismiss or transitioning to a motion for summary judgment. After hearing my concerns, Defendants agreed that the case should more appropriately proceed on a summary judgment posture. I clarified that I could not, as a matter of law, convert the pending Rule 12(b)(1) Motion to Dismiss for Lack of Standing to a Rule 56 Motion for Summary Judgment.

I then reiterated my discomfort (previously articulated at the October 13, 2021 hearing) with ruling on a motion to dismiss for lack of standing where, as here, the issue of standing was so wrapped up in the merits of the case at bar. The parties agreed that it was most appropriate to proceed to summary judgment. Accordingly, I denied Defendants' Pending Motion to Dismiss, Doc. No. 18, without prejudice. I directed the parties to meet and confer, then propose a revised case management plan oriented towards summary judgment.

Finally, I encouraged the parties to consider settling the case and offered to refer the case to a United States Magistrate Judge for settlement at their request.

In sum, I hereby deny Defendants' Pending Motion to Dismiss, Doc. No. 18, without prejudice. I order the parties to submit a proposed revised case management plan and the Defendants to contact my clerk with their position regarding contacting the Connecticut Insurance Department by **December 31, 2021**. I dismiss the Plaintiff's pending motion to extend the time to file supplemental briefing relating to the motion to dismiss, Doc. No. 42, as moot.

It is so ordered. Dated at Bridgeport this 21st day of December 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge