UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANNA CURRY,<br>      Plaintiff,<br><br>v.<br><br>PALMETTO SURETY CORP., *et al.*,<br>      Defendants. | No. 3:21-cv-221 (SRU) |

**RULING ON PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW APPEARANCE**

Stephen Curley has filed a second motion to withdraw from representation of plaintiff Anna Curry in this matter. The motion is **granted**.

**I.      Background**

On February 23, 2021, Ms. Curry, through counsel, filed the instant lawsuit against defendants Palmetto Surety Corporation; 24/7 Bailbonds, LLC; William Sobota; and Jerry Cao, alleging unjust enrichment, conversion, and civil theft in connection with their alleged failure to return a deposit Curry paid to secure the conditional release of a criminal defendant in state custody. *See generally* Compl., Doc. No. 1.

On August 2, 2022, Attorney Curley moved to withdraw his appearance on behalf of Ms. Curry in this matter. Doc. No. 79. After Ms. Curry objected, I held an *ex parte* telephonic representation conference and denied the motion without prejudice. Doc. No. 83. After that, at the request of the parties, I referred the matter to United States Magistrate Judge Thomas O. Farrish for settlement purposes and stayed proceedings. Docs. No. 85, 88.

While this matter was stayed, Attorney Curley renewed his motion to withdraw. Doc. No. 91. Ms. Curry again objected. Judge Farrish met *ex parte* with Ms. Curry and Attorney Curley, then with all parties. Docs. No. 93, 97. The case did not settle, and the mediation stay

expired on December 1, 2022. Docs. No. 97, 88. Shortly thereafter, Attorney Curley contacted chambers regarding the disposition of the pending motion to withdraw and counsel's pending obligation to propose a revised case management plan.

Having provided the parties with prior opportunities to be heard, I exercise my discretion to rule on plaintiff's counsel's motion to withdraw appearance without a hearing.

**II.     Standard of Review**

Local Rule of Civil Procedure 7(e) provides:

> Withdrawals of appearances may be accomplished only upon motion, which normally will not be granted except upon a showing that other counsel has appeared or that the party whose counsel seeks to withdraw may and has elected to proceed without counsel, and that the party has received actual notice of the motion to withdraw. In cases where the party has failed to engage other counsel or file a personal appearance, where good cause exists for permitting the withdrawal by the appearing counsel, the Court may grant the motion to withdraw the appearance after notice to the party that failure to either engage successor counsel or file a personal appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party.

D. Conn. L. Civ. R. 7(e). Because Attorney Curley has made no showing that other counsel has appeared on behalf of Ms. Curry, he must establish that "good cause" supports withdrawal.

A district court generally has "a great deal of discretion" when deciding a motion to withdraw. *Lego A/S v. Best-Lock Constr. Toys, Inc.*, 2019 WL 6770096 at *1 (D. Conn. Dec. 12, 2019). The court will first determine whether the desired withdrawal is mandatory or permissive. *Eaton v. Coca–Cola Co.*, 640 F. Supp. 2d 203, 206 (D. Conn. 2009). In the case of permissive withdrawal, as here, an attorney may withdraw where:

> (1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent; (2) the client has used the lawyer's services to perpetrate a crime or fraud; (3) the client insists upon pursuing an objective that the lawyer considers repugnant or imprudent; (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable

2

>warning that the lawyer will withdraw unless the obligation is fulfilled; (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (6) other good cause for withdrawal exists.

Conn. R. Prof'l Conduct 1.16(b).  Nevertheless, the court must balance "the reasons for withdrawal" with "the impact of the withdrawal on the timing of the proceedings."  *Bryka, LLC v. Holt Integrated Cirs., Inc.*, 2021 WL 6337744, at *3 (D. Conn. May 5, 2021) (quoting *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014)).

## III.  Discussion

I am satisfied that Ms. Curry has received adequate notice under Rule 7(e), so I evaluate the sufficiency of the movant's purported "good cause."  Doc. No. 91 at 3; D. Conn. L. Civ. R. 7(e); D. Conn. R. Prof. Cond. 1.16(b)(7).  Attorney Curley argues that I should grant this motion because his relationship with Ms. Curry has "broken down irretrievably."  Doc. No. 91 at 3.  I am persuaded that Attorney Curley sets forth adequate grounds for permissive withdrawal.

Withdrawal of representation is "often warranted" when there is an irreparable breakdown in the attorney-client relationship, as demonstrated by "specific facts."  *Westchester Fire Ins. Co. v. Enviroguard, LLC*, 2014 WL 2881507, at *2 (D. Conn. Jun. 25, 2014); *Best-Lock Constr. Toys, Inc.*, 2019 WL 6770096, at *2.  Both client and counsel express frustration about specific experiences working together, including making strategic decisions regarding how to prosecute this case and approach medication.  Although Ms. Curry has repeatedly expressed that she does not wish to fire Attorney Curley, "the fact that, on the one hand the [plaintiff] asserts that the relationship is fine, while on the other hand [counsel] asserts that the relationship has failed, is itself evidence that there is at least some breakdown in the relationship."  *Eaton*, 640 F. Supp. 2d at 207.  That two judges have unsuccessfully attempted to help client and counsel reconcile suggests that the breakdown is irreparable.  Thus, even if Ms. Curry insists that she

3

does not wish to end her retention of Attorney Curley, I cannot help but question the wisdom of requiring these two unsatisfied individuals to sustain a fraught partnership.

I next consider the impact of the withdrawal on the prosecution of this action. *Bryka, LC*, 2021 WL 6337744, at *3. I begin by acknowledging that Ms. Curry will be disadvantaged by permitting withdrawal before Attorney Curley has completed his flat-fee engagement and by having to find replacement counsel. However, I conclude that withdrawal at the present stage of the litigation is not likely to unduly prejudice either Ms. Curry or the defendants. The biggest difference between when I dismissed Attorney Curley's initial motion and now is the absence of pending deadlines that could prejudice either party. Upon staying proceedings for ninety days, I vacated the scheduling order in this matter and ordered the parties to propose a revised case management plan upon exiting the stay. There are no imminent deadlines for summary judgment or trial. The present posture of this case uniquely affords new counsel, if retained, an opportunity to familiarize itself with this matter. Furthermore, to any extent Ms. Curry as a self-represented litigant or newly-retain counsel would wish to reopen discovery, I would be amenable to such proposal.

### IV.     Conclusion

I grant plaintiff's counsel's motion to withdraw his appearance, doc. no. 91.

Because this matter cannot proceed until the issue of Ms. Curry's representation is resolved, I vacate the pending order to file a status report and file a revised Rule 26(f) report, and I stay proceedings until Ms. Curry files an appearance as a self-represented litigant or until the appearance of successor counsel. *See Bryka*, 2021 WL 6337744, at *3; *Best-Lock Constr. Toys, Inc.*, 2019 WL 6770096, at *3.

Ms. Curry is advised that if she elects to proceed without counsel, she must file an appearance within **fourteen** days and, pursuant to Local Rule 83.1(c)(2), provide an address where service can be made upon her. Unless an appearance by counsel or by Ms. Curry enters within fourteen days, **on or before December 28, 2022**, Ms. Curry's case may be subject to dismissal or default. D. Conn. L. Civ. R. 7(e).

The dates set forth in this order may be extended for good cause pursuant to a motion filed in accordance with Local Rule 7.

So ordered.

Dated at Bridgeport, Connecticut, this 14th day of December 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge