EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ANNA K. CURRY  :  NO. 321-CV-00221 (SRU)
Plaintiff

v.  :

PALMETTO SURETY CORP. et al.  :
Defendants  :  APRIL 16, 2021

### AFFIDAVIT OF WILLIAM J. SOBOTA

I, William J. Sobota, being duly sworn, so hereby state the following:

1.  I have firsthand knowledge of the facts set out below, I am above the age of twenty-one years, and I believe in the obligations of an oath.

2.  I am the principal of co-defendant in the above-captioned matter, 24/7 Bail Bonds, LLC ("24/7"), doing business in the State of Connecticut. In that capacity, I am a bail bondsman by occupation, licensed in Connecticut by the Department of Insurance.

3.  As a bail bondsman, I work with bail agents such as co-defendant in the above-captioned matter Jerry Cao ("Cao"), who are independent contractors. Bail agents such as Cao bond out arrestees such as the criminal defendant whose bond is at issue in this case, Fotis Dulos ("Dulos"), under insurance coverage; said insurance coverage is the bail money itself, which is provided by 24/7, who underwrites the policy. The bail agent in turn pays a 24/7 a premium for its policy, paid by the criminal defendant/arrestee or its agent/indemnitor.

4.  24/7 acts as an underwriter for co-defendant in the above-captioned matter Palmetto Surety Corporation, doing business in South Carolina and licensed to

write surety bonds by the Department of Insurance in the State of Connecticut. Palmetto is the ultimate guarantor of the policy. The monies paid by the criminal defendant/arrestee being bonded out are divided between the bail agent (in the instant case Cao), 24/7 and Palmetto.

5.  24/7's responsibilities as a bail bondsman include: 1) underwriting the bond by gathering the relevant information from the criminal defendant/arrestee that will assist Palmetto in determining the latter's financial condition; 2) collecting the premium for the bail bond from the criminal defendant/arrestee; 3) once the bond is written, securing the criminal defendant/arrestee's release on bond by filing with the court Palmetto's power of attorney in the amount of the bail set by the court, and a Criminal Appearance Bond court form JD-CR-4; and 4) ensuring that the criminal defendant/arrestee appears at scheduled court dates as ordered by the judge in the criminal case.

6.  These actors – the bail agent Jerry Cao, 24/7 and Palmetto – enacted the above-described roles with the respect to the release of Dulos on the bond in the matter of *State of Connecticut v. Fotis Dulos*, Docket No. FST CR20-0241180 (the "Dulos Bond").

7.  On or about January 7, 2020, I was approached by my agent, Cao, for assistance in underwriting a bond in the sum of $6,000,000.00 for Dulos, then under indictment for violations of Conn. Gen. Stat. §§ 53a-54a (murder); 53a-54c (murder-commission of a felony); and 53a-92 (kidnapping, 1st degree). Cao had in turn initially been approached by Dulos' attorneys.

8. I alerted Palmetto that 24/7 would be requesting a large bond in that sum, and set about reviewing information from Dulos concerning his financial condition to support such a bond. The information was forwarded from Dulos' attorneys to the plaintiff in the above-captioned matter, Anna K. Curry ("Curry"); Curry submitted the requested information to Cao and 24/7.

9. On January 9, 2020, Dulos executed an application for surety bond to Palmetto; a promissory note in the sum of $6,000,000.00 to Palmetto; and Palmetto's Financial Statement and Indemnity Agreement, which was signed by Dulos and Curry. The Indemnity Agreement, *inter alia*, obligated Dulos, in return for Palmetto putting up the bond, to appear in court if so ordered.

10. Also on January 9, 2020, Dulos and Curry paid 24/7 the initial premium payment on the Dulos Bond (Curry paid by check in the sum of $147,000.00, and Dulos by check for $1,000.00). Dulos and Curry additionally executed an Unpaid Premium Agreement on January 9, 2020, for the outstanding balance of $278,150.00, to be paid in fifteen monthly installments.

11. On or about January 11, 2020, Palmetto wrote the Dulos Bond. I and my agent Cao appeared in court with Palmetto's power of attorney, filled out the appropriate paperwork, and Dulos was released on bail.

12. The Dulos Bond had been collateralized with the equity in six parcels of real property purportedly owned by Dulos. I personally filed the mortgages to Palmetto at the respective Land Records offices.

13. On or about January 28, 2020, Palmetto moved to revoke the Dulos Bond due to the fact that imperfections in the collateral placed Palmetto in violation of Connecticut law, in that the Dulos Bond exceeded Palmetto's statutory limitation of risk.

14. On January 27, 2020, the court scheduled a hearing for review of the Dulos Bond in Dulos' criminal case for the next day, January 28, 2020 and Dulos was ordered to appear. On the 28th, when I was advised that Dulos had failed to appear in court for the hearing, I went to his residence to determine the reason and retrieve him if necessary. When I arrived, the police were attempting to resuscitate Dulos, who had attempted suicide.

15. Palmetto's motion to revoke the Dulos Bond was never adjudicated. On or about January 30, 2020, Dulos died as a consequence of his self-inflicted injuries.

16. Sometime subsequently Curry contacted me seeking a refund of the premium. I advised her that the Dulos bond had never been revoked, and was still therefore valid, and advised her further to check with the clerk of the court for confirmation. Curry never contacted me again, until this lawsuit.

17. 24/7's responsibilities arising from the Dulos Bond included underwriting the bond, facilitating the application process, collecting the premium, securing Dulos' release and ensuring that he appeared in court when it was so ordered. 24/7, myself and 24/7's agents fulfilled all of their responsibilities, duties and obligations with respect to the Dulos Bond.

18. The premium on such a bond, including that paid by Curry, is like the premium on any insurance policy; it is not refundable. Because 24/7 performed all of its

obligations under the bond, no circumstance arose pertaining to the Dulos Bond that justified a refund.

FURTHER AFFIANT SAYETH NOT.

_____
WILLIAM J. SOBOTA

STATE OF CONNECTICUT     )
                                                    )  ss:   HARTFORD
COUNTY OF HARTFORD       )

On this 6th day of April, 2021, before me the undersigned officer, personally appeared WILLIAM J. SOBOTA known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes herein contained, and that the facts contained herein are true and accurate.

In witness whereof I hereunto set my hand and seal.

_____
Commissioner of the Superior Court

N3119602/20200-1

Rome McGuigan, P.C.
One State Street-21st Floor, Hartford, CT 06103-3101 • (860) 549-1000• (860) 724-3921 fax