EXHIBIT E

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANNA K. CURRY | : | NO. 3:21-CV-00221 (SRU) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| PALMETTO SURETY CORPORATION, | : | |
| 24/7 BAIL BONDS, LLC, WILLIAM | : | |
| SOBOTA, and JERRY CAO | : | |
| *Defendants* | : | |

## <u>AFFIDAVIT OF JOSEPH B. BURNS</u>

I, Joseph B. Burns, being duly sworn, so hereby state the following:

1.     I have firsthand knowledge of the facts set out below, I am above the age of twenty-one years, and I believe in the obligations of an oath.

2.     I am counsel for the defendants in this action, Palmetto Surety Corp., 24/7 Bail Bonds, LLC, William Sobota and Jerry Cao.

3.     I understand that this affidavit is made in support of the defendants' Motion for Summary Judgment.

4.     Attached hereto as **Exhibit 1** is a true and accurate copy of a text message exchange between Plaintiff, Anna Curry, and Attorney Norm Pattis, on January 8, 2020, produced by Plaintiff during the course of discovery in this matter.

5.     Attached hereto as **Exhibit 2** is a true and accurate copy of the Financial Statement and Indemnity Agreement signed by Anna Curry produced from the files of defendant 24/7 Bail Bonds, LLC, during the course of discovery in this matter.

6.     Attached hereto as **Exhibit 3** is a true and accurate copy of the Defendant Authorization Form signed by Anna Curry produced from the files of defendant 24/7 Bail Bonds, LLC, during the course of discovery in this matter.

1

7.      Attached hereto as **Exhibit 4** is a true and accurate copy of the Promissory Note signed by Anna Curry produced from the files of defendant 24/7 Bail Bonds, LLC, during the course of discovery in this matter.

8.      Attached hereto as **Exhibit 5** is a true and accurate copy of a photocopy of three checks paid to defendant 24/7 Bail Bonds, LLC as the initial premium payment produced from the files of defendant 24/7 Bail Bonds, LLC, during the course of discovery in this matter.

9.      Attached hereto as **Exhibit 6** is a true and accurate copy of the Application for Surety Bond signed by Fotis Dulos produced from the files of defendant 24/7 Bail Bonds, LLC, during the course of discovery in this matter.

10.      Attached hereto as **Exhibit 7** is a true and accurate copy of an email exchange dated March 5, 2020, to June 5, 2020, between members of the Conn. Department of Insurance ("CDI") and the South Carolina Department of Insurance ("SCDOI") produced by the CDI pursuant to a subpoena duces tecum directed to the CDI during the course of discovery in this matter.

11.      Attached hereto as **Exhibit 8** is a true and accurate copy of an email exchange dated August 25, 2020 to September 1, 2020,  between members of the CDI produced by the CDI pursuant to a subpoena duces tecum directed to the CDI during the course of discovery in this matter..

12.      Attached hereto as **Exhibit 9** is a true and accurate copy of an email exchange dated December 11, 2020, between members of the CDI produced by the CDI pursuant to a subpoena duces tecum directed to the CDI during the course of discovery in this matter.

13.      Attached hereto as **Exhibit 10** is a true and accurate copy of a letter from Michael Shull of the CDI to Attorney Ryan McGuigan, counsel for Palmetto Surety Corp., produced by

the CDI pursuant to a subpoena duces tecum directed to the CDI during the course of discovery in this matter.

Further the Affiant sayeth not.

_____
JOSEPH B. BURNS

STATE OF CONENCTICUT )
                     )    ss:    HARTFORD
COUNTY OF HARTFORD   )

On this 10th day of July 2023, before me the undersigned officer, personally appeared JOSEPH B. BURNS known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes herein contained, and that the facts contained herein are true and accurate.

In witness whereof I hereunto set my hand and seal.

_____
NOTARY PUBLIC

Printed Name: Heather Prado

My Commission Expires: 5/31/23

HEATHER A. PRADO
NOTARY PUBLIC
NEW HAVEN COUNTY
My Commission Expires May 31, 2025

EXHIBIT 1

Jan 8, 2020, 1:24 AM

Anna. Please bring a jacket, shirt and slacks to court today. Thx
1:24 AM

For Fotis, obviously. :)
1:24 AM

Will do. I also need to ask Fotis where he put my work iPhone. I need that to keep my job going !!! I can't find it anywhere in the house and he told me that he had it last night. If you can please ask him where it is - "Anna's work phone ". Thank you!
1:25 AM

I have it
1:26 AM

At least I think I do. Small iPhone. Messages about ▮▮▮ have flashed on screen.
1:26 AM

Yes that's it - perfect . I can pick it up in the morning . I will be there by 10am
1:27 AM

What s this i hear about ▮▮▮ taking to bondsman?
1:28 AM

The bondsman is getting cold feet. He is contending that his insurers are pushing back. I'm pushing him to close.
1:29 AM



I'll push him tomorrow. Candidly, I was tough on him tonight: told him hits fee should make him embrace the risks and fight.

1:39 AM

I appreciate the fee thing. Thank you. The collateral is the issue. That's where this could go bad

1:40 AM

I'm a little pissed at Mark. The bond is more or less what i forecast. He's had months to pull this together. I don't know what anything needs doing just now. Honestly, did he think I was bluffing?

1:42 AM

Don't know why .,,

1:42 AM

I'm surprised at Mark. Fotis and I have been telling him since September that you were anticipating $5 million in bond and that's what we needed to plan for. He said that was totally impossible to have a bond that high.

1:42 AM

He did not believe you and we kept saying to plan for that

1:42 AM

I've had cases with higher bonds. Mark knows that. If he wants my work he's gotta earn my trust.

1:44 AM

   

        

CONFIDENTIAL

EXHIBIT 2

**PALMETTO SURETY CORPORATION**

109 River Landing Drive, Suite 200 • Charleston, SC 29492 7595

# FINANCIAL STATEMENT AND INDEMNITY AGREEMENT

AGENT Jerry Cox

POWER NO. Cml (1)

CASE NO. FSt cf20 02-11/80-T

EXECUTION DATE 1-9-20

NAME OF INDEMNITOR Anna K. Curry   PHONE ▮▮▮▮  DATE OF BIRTH ▮▮▮
FIRST  MIDDLE  LAST

RESIDENCE ADDRESS ▮▮▮  CITY Charlotte  STATE NC  ZIP
SOCIAL SECURITY NO ▮▮▮  PHONE ▮▮
EMPLOYED BY  ADDRESS ▮▮  ▮▮
SPOUSE'S NAME  DATE OF BIRTH  E MAIL ▮▮
EMPLOYED BY  ADDRESS
PARENTS  ADDRESS

1. ▮▮
2.
3.

| ASSETS | | | LIABILITIES | | |
|---|---|---|---|---|---|
| Cash in ___ | Bank | $ 420k | Money Borrowed on Notes | | $ |
| Stocks, bonds, mortgages (market value): | | $ 91 7c k | | | |
| | | $ | | | |
| Real estate, the title to which is in my name alone: | | | Mortgages on real estate scheduled opposite: | | |
| A. | | $ 350k | A. | | $ 0 17c k |
| B. | | $ | B | | $ |
| Accounts receivable | | $ | Accounts Payable | | $ |
| Other assets (in detail) | | | Other Liabilities (in detail) | | |
| | | $ | | | $ |
| **Total Assets** | | $ 6 50k | **Total Liabilities** | | $ 8 17c k |

The make of the above statement hereby authorizes the Surety to confirm the bank balances claimed and all other items comprising said statement.

## YOU ARE ASSUMING SPECIFIC OBLIGATIONS – READ CAREFULLY!

### INDEMNITY AGREEMENT

THIS AGREEMENT is made by and between the undersigned Defendant, Indemnitors, and Palmetto Surety Corporation through its duly authorized Agent

WHEREAS, Palmetto Surety Corporation (hereinafter called "Surety"), at the request of the Indemnitors has or is about to become SURETY on an appearance bond for Defendant in the sum of $ Coc ccc  Dollars ($ _____ ) by its certain bond executed on power of attorney number(s) _____ (1)

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, the parties jointly and severally agree as follows:
1. For good and valuable consideration, the undersigned principal agrees to indemnify and hold harmless the surety company or its agent for all losses not otherwise prohibited by law or by rules of the Department of Financial Services.
2. That the Indemnitors will have Defendant forthcoming before the Court named on said Bond at the time(s) therein fixed, and at such other times as may be ordered by the Court.
3. That the Indemnitors will at all times indemnify and save the Surety harmless from and against any and all claims, demands, liabilities, costs, charges, counsel fees, expenses, suits, orders, judgements, or adjudications whatsoever which the Surety shall or may for any cause sustain or incur, by reason of Surety having executed said Bond or undertaking, and will, upon demand, place the Surety in funds to meet all such claims, demands, liabilities, costs, charges, counsel fees, expenses, suits, orders, judgments, or adjudications against it, by reason of its Suretyship, and before the Surety shall be required to pay the same.
4. That the agreement of indemnity contained in paragraph 2 above shall continue as long as the SURETY has any liability or has sustained any loss, upon the bond referred to herein, and the undersigned further agrees not to make any transfer, or any attempted transfer of any of the property, real or personal, in which the undersigned has an interest or in which the undersigned may subsequently acquire any interest, and it is further agreed that the SURETY shall have a lien upon all property of the undersigned for any sums due it or for which it has become, or may become, liable by reason of its having executed the bond referred to herein. It is further agreed that the Indemnity Agreement contained in Paragraph 2 above and the provisions of this paragraph shall be binding upon and apply to any subsidiary, affiliate, parent or related enterprised created or acquired by the undersigned.
5. The voucher, or any other evidence of any payment made by the Surety, by reason of this Suretyship, shall itself, be conclusive evidence of such payment as to the indemnitors, their estate, and those entitled to share in their estate, and their successors and assigns.
6. That the Surety may withdraw, at any time provided by law, from its Suretyship upon the Bond or undertaking herein, without liability to any party
7. That Indemnitors' liability to Surety is not limited to the Bond referred to herein, but shall apply to all other bonds or undertakings issued by Surety at the request of the indemnitors
8. The Indemnitors' obligations and indemnities as contained herein shall not terminate upon exoneration of the bond or undertaking but shall continue until such time that Surety is relieved of all duties, demands, liabilities, obligations, costs or expenses in any way related thereto.
9. That the waiver by Surety of any breach of any term or conditions herein shall not be deemed a waiver of same of any subsequent breach of the same term or condition, and that failure of any Indemnitor to comply with the terms and conditions herein shall not act as or be construed as a release or waiver as the remaining Indemnitor who shall remain liable and bound by all provisions of this Agreement.
10. This Agreement shall be construed and enforced under the laws of the State of _____ , in the event any of the provisions of this Agreement are inconsistent with the laws of this State, this Agreement, as to these provisions only, shall be null and void, and the remainder shall be enforced with the same effect as though such provisions were omitted.
11. The use of the plural herein shall include the singular. Obligations of the Indemnitors shall be joint and several and the provisions of this Agreement shall be binding upon Indemnitors' heirs, successors, representatives and assigns.

IN WITNESS WHEREOF, the parties have executed this Agreement this _____ day of _____  2020

WITNESSES:

X _____
SIGNATURE OF DEFENDANT

X Anna K Curry
SIGNATURE OF INDEMNITOR

X _____
SIGNATURE OF CO-INDEMNITOR

STATE OF SC
COUNTY OF Berkly

On this 9 _____ day of _____ 2020 ,before me personally appeared _____

_____ , to me known to be the person _____ described in and who

executed the foregoing instrument and _____ thereupon acknowledged to me that _____ _____ executed the same.

My Commission Expires _____


EXHIBIT 3

# Defendant Authorization Form

Defendant Name: _Fotis Dulos_

Name of Bail Agent: _Jerry Go_

Name of Bail Bond Company: _2417 Bailbonds_


By signing my name below, on this date, I authorize the bail bond agent named herein to execute bail bonds on behalf of myself or the person I represent. I understand that this will begin the bail bond process.

**NOTE**: If I am signing this form as a duly designated representative of the defendant, I certify that I am at least 18 years of age and that I have full permission of the defendant to enter into this agreement.

_Anna K. Curry_
_Signature_ of Defendant or Authorized Representative

_1/9/2020_
Date

_Anna K. Curry_
_Printed Name_ of Authorized Representative (if applicable)

_[signature]_
_Signature_ Bail Agent

_1/9/2020_
Date

Bail Agent License Number: _2409567_

EXHIBIT 4

## PROMISSORY NOTE

$ 6,000,000  Forman [?]  City and State

**On demand** after date, for value received, 3,000,000 _____ Promise to pay to the order of
PALMETTO SURETY CORPORATION _____ or assigns

_____ J m1 _____ — DOLLARS,

at _____ , with interest thereon at the rate

of ____ 0 % ____ per cent, per annum from Call Date until fully paid. Interest payable semi-annually. The make and endorse
of this note further agree to waive demand, notice of non-payment and protest; and in case suit shall be brought for the collection
hereof, or the same has to be collected upon demand of an attorney, to pay reasonable attorney's fees for making such collection. Deferred
interest payments to bear interest from maturity at _____ per cent, per annum payable semi-annually.

It is further agreed and specifically understood that this note shall become Null and Void in the event the said

defendant ____ Fctis Dulus ____

shall appear in the court at the time or times so directed by the Judge or Judges of competent jurisdiction until the obligations under
the appearance bond or bonds posted on behalf of the defendant have been fulfilled and **the Surety discharged of all liability thereunder,**
otherwise to remain in full force and effect.

Date 1-9-20 ____

_____
SIGNATURE OF DEFENDANT

_____ Anne K. Curry _____
SIGNATURE OF INDEMNITOR

_____
SIGNATURE OF CO-INDEMNITOR

---

**PRESS HARD**

**A G E N C Y**

[ ]

## COLLATERAL RECEIPT
No. PSC-134794

Receipt Date: _____

1. COLLATERAL RECEIVED (Describe in detail):
   ☐ Contingent Promissory Note  ☐ Indemnity Agreement  ☐ Contingent Mortgage Agreement

   _____
   _____
   _____

2. ☐ Cash  ☐ Check  ☐ Money Order  ☐ Credit Card - Amount $ _____ ☐ Other/See Item 1.

3. RECEIVED FROM: _____

4. Address: _____
   AS SECURITY FOR BOND(S) For:

5. Defendant: _____ Bond Amt. $ _____

6. Power # _____ Court: _____

7. Charged with: _____

8. I acknowledge a Credit Card fee of _____ % _____

NOTICE - UNLESS A LEGAL ASSIGNMENT DOCUMENT IS FURNISHED TO THE BONDSMAN, COLLATERAL WILL
BE RETURNED ONLY TO THE PERSON(S) NAMED IN ITEM 3 ABOVE.
THIS COLLATERAL WILL BE HELD IN THE CUSTODY OF ☐ THE BONDSMAN ☐ THE COMPANY ☐ GEN AGT
*FOR ANY COMPLAINTS OR INQUIRES CONTACT YOUR STATE DEPARTMENT OF INSURANCE, FOR THE FLORIDA
DEPARTMENT OF INSURANCE CONTACT 200 E. GAINES ST. TALLAHASSEE, FL 850-413-3140**

Received By: _____
in Trust for: _____

PALMETTO SURETY CORPORATION
109 RIVER LANDING DR., SUITE 200
CHARLESTON, SC 29492-7895
1-866-372-0827 www.palmettosuretycorp

IMPORTANT! Palmetto Surety Corporation accepts and authorizes its representatives to accept only specific forms of collateral as security.
THIS ACCEPTABLE COLLATERAL IS LIMITED TO:
1. CASH including cashier's checks, money orders and certified checks;
2. Properly assigned SAVINGS ACCOUNTS represented by passbooks, or properly assigned CERTIFICATES OF DEPOSIT;
3. Properly assigned STOCKS AND BONDS;
4. REAL ESTATE evidenced by properly executed mortgages, deeds of trust or confessions of judgment in accordance with applicable state law.
IMPORTANT! This collateral security agreement should not be used except in conjunction with acceptable collateral. Representatives are not
authorized to accept and Palmetto Surety Corporation is not responsible for any type or form of collateral other than collateral enumerated above.

TO DEFENDANT AND INDEMNITOR(S): YOU ARE ENTITLED TO A SIGNED RECEIPT FOR COLLATERAL YOU HAVE GIVEN TO THE
BONDING AGENT TO SECURE AND INDEMNIFY THIS BOND PURSUANT TO THE TERMS OF THIS AGREEMENT. ANY PROPERTY
DEED OR MORTGAGE MUST BE TAKEN IN THE NAME OF PALMETTO SURETY CORPORATION. BE SURE ALL YOUR IS
ITEMIZED ON YOUR COLLATERAL RECEIPT.

HAVE (NOT) DEPOSITED COLLATERAL with the Agent for the purpose of this Bail Bond and received Receipt Numbered _____

AGENT
WITNESS HERE _____
Signature of Agent

DEFENDANT/INDEMNITOR
SIGN HERE X _____
Signature of Defendant/Indemnitor

EXHIBIT 5

**FOTIS DULOS**

372

1/9/2020

Pay to the Order of ___ 24/7 Bail Bonds ___ $ 1,000.00

One thousand dollars + zero cents ___ Dollars

**People's United Bank**
peoples.com

For _____ Fotis Dulos

---

**Bank of America** 🇺🇸

Cashier's Check

Notice to Purchaser - In the event that this check is lost, misplaced or stolen, a surety statement and 90-day waiting period will be required prior to replacement. This check should be negotiated within 90 days.

**FARMINGTON**

Void After 90 Days

00-17/140
NTX

Date 01/09/20 09:48:13 AM

Pay BANK OF AMERICA **22,000**00 TWELVE ZERO ZERO ZERO CTSCTS

**$22,000.00**

**Twenty Two Thousand and 00/100 Dollars**

To The Order Of   24/7 BAIL BONDS

Remitter (Purchased by): ANNA KATHERINE CURRY

Bank of America, N.A
SAN ANTONIO, TX

AUTHORIZED SIGNATURE

■ THE ORIGINAL DOCUMENT HAS A REFLECTIVE WATERMARK ON THE BACK. ■   HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENTS. ■

---

**Bank of America** 🇺🇸

Cashier's Check

Notice to Purchaser - In the event that this check is lost, misplaced or stolen, a surety statement and 90-day waiting period will be required prior to replacement. This check should be negotiated within 90 days.

**FARMINGTON**

Void After 90 Days

00-17/140
NTX

Date 01/10/20 10:47:32 AM

Pay BANK OF AMERICA **125,000**00 ONE FIVE ZERO ZERO ZERO CTSCTS

**$125,000.00**

**One Hundred Twenty Five Thousand and 00/100 Dollars**

To The Order Of   24/7 BAIL BONDS

Remitter (Purchased by): ANNA KATHERINE CURRY

Bank of America, N.A.
SAN ANTONIO, TX

AUTHORIZED SIGNATURE

■ THE ORIGINAL DOCUMENT HAS A REFLECTIVE WATERMARK ON THE BACK. ■   HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENTS. ■

EXHIBIT 6

# APPLICATION FOR APPEARANCE BOND
# PALMETTO SURETY CORPORATION
109 RIVER LANDING DRIVE, SUITE 200 • CHARLESTON, SC 29492-7595

I, the undersigned do hereby apply to you to act as my surety in the amount of $ 6,00.000 -

in the _Superior_ Court of _Stamford, CT_ wherein I am

charged with _____

and I agree to the following terms and conditions prescribed by the State Insurance Department.

Terms and Conditions continued on back of form.

AGENT _Jerry Coo_
POWER NO. _PSE 6 MIL - 1_
CASE NO. _FST-C R20-0241180-T_
EXECUTION DATE _1/9/2020_
CONTACTED BY _____
ADDRESS _____
DATE _____ TIME _____
RELATIONSHIP _____

# TERMS AND CONDITIONS

The following terms and conditions are an integral part of this application for appearance bond No. _PSEG MIL -1_ date _1/9/2020_ for which
PALMETTO SURETY CORPORATION or its Agent shall receive a premium in the amount of + 26.150 Dollars ($ _____)
and the parties agree that said appearance bond is conditioned upon full compliance of all said terms and conditions and is a part of said bond and application thereto.

## ALL INFORMATION BELOW MUST BE COMPLETED IN FULL, OR DELAY WILL OCCUR (PLEASE PRINT)

Name of defendant _Fitis Dulos_ Nickname/Alias _____

Street address ▓▓▓▓ City _Farmington_ St. _CT_ ZIP _06032_ How Long _7+ years_

Former address ▓▓▓▓ _CT 06001_ How Long _L year_

Phone ▓▓▓ Defendant E-mail ▓▓▓

Employed by ▓▓▓ Boss ▓▓▓ How Long _15 yrs._

Employer's address ▓▓▓ Phone # ▓▓▓

Previous employment ▓▓▓ How Long _7 yrs._

Date of Birth ▓▓▓ Height _5'10"_ Weight _175_ Eyes _BROWN_ Hair _GREY_ Race _WHITE_

Left Handed ____ Right Handed _X_ Glasses _No_ Dentures _No_ Beard/Mustache _No_

Identification marks or tattoos _NONE_ Social Security No. _____

Spouse's Employment _____ Address _____ Phone _____

Children's Name and Ages ▓▓▓ School _____

_____ School _____

Parent's Name _____ Address _N/A_ Phone: _____

Spouse's Parents _____ Address _____ Phone: _____

Brothers or sisters ▓▓▓ Address ▓▓▓ Phone ▓▓▓

Brothers or sisters _____ Address _____ Phone: _____

Brothers or sisters _____ Address _____ Phone: _____

Best Friend ▓▓▓ Address _____ Phone ▓▓▓

Defendant's Attorney _____ Address _____ Phone ▓▓▓

Defendant Arrested Before _____ Convicted _____ Offense _____

Automobile - Year _BMW_ Make _M3_ Model _SCCZ_ Color _SILVER_ License No. _____

When and where did you buy car? _2003_ Amount owing _____ To whom _____

Driver's License No. ▓▓▓ State _CT_

Social Media Login _____ Password _____

Are you under any bail bond now? _YES_ Agent or Surety _____

Remarks: _____

The Defendant hereby affirms that the foregoing declarations made and answers given are the truth without reservation and are made for the purpose of inducing the Surety to become surety or to procure suretyship on the bond or undertaking applied for herein, with the intent and purpose that they be relied on fully.

In addition, the Defendant hereby authorizes and directs his relatives, employers, bankers, the Federal Social Security Administration, the Internal Revenue, the state Department of Disability Insurance, the United States Armed Forces, the state Division of Motor Vehicles, all Municipal, County, State and Federal Law Enforcement Agencies and any other persons or organizations having information concerning the Defendant's whereabouts to give such information to Palmetto Surety Corporation and its assigns and/or duly authorized representatives. The Defendant understands that any information obtained will be used for the purpose of securing his or her appearance and/or apprehension for Court appearance, and for the purpose of securing reimbursement for any expenses incurred as a result of Defendant's non-appearance. The Defendant hereby waives his or her rights with respect to the Privacy Act and authorizes the use of copies of this document by Palmetto Surety Corporation and its assigns and/or duly authorized representatives. In addition, if the Defendant escapes from the custody of Palmetto Surety Corporation and is subsequently captured in a State of the United States other than the one in which the original charge was filed, or in a foreign country, the Defendant does hereby agree to return voluntarily to the State of original jurisdiction, and does hereby waive extradition proceedings and further consents to the application of such force as may be necessary to effect such return.

Signed and delivered this _9_ day of _Jan_ _2020_

AGENT WITNESS HERE _____ (SIGNATURE OF AGENT)

DEFENDANT SIGN HERE X _____ (SIGNATURE OF DEFENDANT)

NAI 145

Mailing Address _____

# TERMS AND CONDITIONS CONTINUED

1. PALMETTO SURETY CORPORATION, a surety, shall have control and jurisdiction over the Defendant during the term for which the bond is executed and shall have the right to apprehend, arrest and surrender the Defendant to the proper officials at any time as provided by law.

2. PALMETTO SURETY CORPORATION or its Agent has the right to use special technology in order to track a Defendant for the duration of this bond. This could include, but not limited to, phone tracing and GPS monitoring.

3. In the event surrender of Defendant is made prior to the time set for the Defendant's appearance, and for reason other than as enumerated below in paragraph 3, then Defendant shall be entitled to a refund of the bond premium.

4. It is understood and agreed that the happening of any one of the following events shall constitute a breach of Defendant's obligations to PALMETTO SURETY CORPORATION hereunder, and PALMETTO SURETY CORPORATION shall have the right to forthwith apprehend, arrest, and surrender Defendant, and Defendant shall have no right to any refund of premium whatsoever. The events which shall constitute a breach of Defendant's obligations hereunder are:

   (a) If Defendant shall depart the jurisdiction of the court without written permission of the court and PALMETTO SURETY CORPORATION or its Agent.
   (b) If Defendant shall move from one address to another without notifying PALMETTO SURETY CORPORATION, or its Agent in writing prior to said move.
   (c) If Defendant shall commit any act which shall constitute reasonable evidence of Defendant's intention to cause a forfeiture of said bond.
   (d) If Defendant is arrested and incorporated for any offense other than a minor traffic violation.
   (e) If Defendant shall make any material false statement in the application.



PALMETTO SURETY
CORPORATION

www.palmettosurety.net
Office: 843-xxx-5441
Fax: 843-xxx-5419

EXHIBIT 7

## Caporale, Antonio

| | |
|---|---|
| **From:** | Caporale, Antonio |
| **Sent:** | Friday, June 5, 2020 10:38 AM |
| **To:** | Belfi, Kathy; Welch, Maura |
| **Cc:** | Kosky, Jared |
| **Subject:** | RE: Palmetto Surety |

I agree with Kathy. In CT the amount of any one risk subject to the pertinent statute's restriction can be reduced only by any amount of the risk at issue that has been reinsured in "<u>any insurance company meeting the requirements of 38a-85 or 38a-86</u>", i.e. a reinsurer authorized to transact business in this state for which the ceding domestic insurer can receive credit for reinsurance. See C.G.S. sec. 38a-73.

Tony

**From:** Belfi, Kathy
**Sent:** Friday, June 5, 2020 10:00 AM
**To:** Welch, Maura <███████████████
**Cc:** Caporale, Antonio <███████████████ ; Kosky, Jared <███████████████
**Subject:** RE: Palmetto Surety

That is fine but I don't think it is our interpretation here in CT. I am cc Tony and Jared asking for confirmation. Thanks

**From:** Welch, Maura
**Sent:** Friday, June 5, 2020 9:05 AM
**To:** Belfi, Kathy <███████████████
**Subject:** FW: Palmetto Surety

Kathy;

Both parties from the SC DOI have accepted the meeting for Tuesday.
Below is SC's response to my question about the interpretation of the 10% retention limit for bail bonds.
The email from yesterday indicates that the collateral accounts that they accept to allow the insurer to meet the 10% risk retention statute will be part of the targeted examination that they are doing.

Sorry for the confusion yesterday.

Maura Welch
Connecticut Insurance Department
███████████

**From:** Michael Shull <███████████████
**Sent:** Thursday, March 5, 2020 3:10 PM
**To:** Welch, Maura <███████████████
**Cc:** Ryan Basnett <███████████████ ; Thomas Baldwin <███████████████
**Subject:** RE: Palmetto Surety

CTDOIFOI000310

Hey Maura, per our conversation, I attached the amended confidential supervision order with the additional stipulations.

Also, I spoke with our legal area about our interpretation of the retention limit of 10% of C&S, but I'll take a shot at it. Our department has taken the approach to let bail bond companies reduce their retention by using collateral and BUF funds for the agent who wrote a bond. Our law states that a company can't retain more than 10% of their C&S, but reinsurance can be used to reduce the retention. We view legitimate collateral and BUF funds as an alternative to reinsurance to accomplish the same intent of lowering the exposure to C&S.

Please let me know if you have any questions or need more information.

Thank you,
Michael

**From:** Welch, Maura
**Sent:** Thursday, March 5, 2020 9:33 AM
**To:** Ryan Basnett
**Cc:** Michael Shull
**Subject:** RE: Palmetto Surety

## WARNING

This is an external email. DO NOT CLICK links or open attachments unless you recognize the sender and know that the content is safe.

Very good.

Thank you,

Maura Welch
Connecticut Insurance Department

**From:** Ryan Basnett
**Sent:** Thursday, March 5, 2020 9:25 AM
**To:** Welch, Maura
**Cc:** Michael Shull
**Subject:** RE: Palmetto Surety

Great. We will give you a call at 2pm today.

Thanks,

**Ryan Basnett, PIR, CISR** $^{SC}DOI$
Senior Financial Analyst/Company Admissions Manager

Columbia, SC 29201
Office: (

**From:** Welch, Maura
**Sent:** Thursday, March 05, 2020 9:23 AM

CTDOIFOI000311

**To:** Ryan Basnett ████████████████
**Cc:** Michael Shull ████
**Subject:** RE: Palmetto Surety

---

## WARNING

This is an **external email**. DO NOT CLICK links or open attachments unless you recognize the sender and know that the content is safe.

---

Yes, I have time from 1:30 to 2:30 today.

Maura Welch
Connecticut Insurance Department

████████████

**From:** Ryan Basnett ████████████████████
**Sent:** Thursday, March 5, 2020 9:14 AM
**To:** Welch, Maura ████████████
**Cc:** Michael Shull < ████████████
**Subject:** Palmetto Surety

Good Morning Maura,

I'm sorry I missed you yesterday. We are going through the statement for Palmetto and have outstanding questions to the Company that we are waiting to hear back on. Would you have time this afternoon between 1:30-3 to discuss?

Thanks.

# Ryan Basnett, PIR, CISR $^{\cdot}$SC$_{DOI}$
Senior Financial Analyst/Company Admissions Manager

████████████
Columbia, SC 29201
Office: ████████████

CTDOIFOI000312



EXHIBIT 8

| From: | Caporale, Antonio |
| --- | --- |
| Sent: | Tuesday, September 1, 2020 1:02 PM |
| To: | Welch, Maura; Beifi, Kathy |
| Subject: | RE: Palmetto Security Corporation   Revocation of CofA |

Hello ladies,

So is it your position that no stay should be allowed?

I am in the office Tue and Thu if there is need for discussion.

Tony

From: Welch, Maura
Sent: Friday, August 28, 2020 8:56 AM
To: Belfi, Kathy <░░░░░░░░░░░>; Caporale, Antonio <░░░░░░░░░░
Subject: Re: Palmetto Security Corporation - Revocation of CofA

Good morning Kathy and Tony:

The letter from Attorney McGuigan did not address Palmetto's non compliance with CGS section 38a-73(a).

Palmetto does not operate in accordance with this statute. The South Carolina Department of Insurance allows Palmetto to use collateral and/or agent's build up fund accounts to offset the gross risk on any one bond; the CID only allows the amount at risk to be reduced through reinsurance obtained from an insurer that is licensed or approved in the Company's state of domicile.

Maura

From: Belfi, Kathy <░░░░░░░░░░░>
Sent: Thursday, August 27, 2020 9:46 AM
To: Welch, Maura <░░░░░░░░░░░>
Subject: FW: Palmetto Security Corporation - Revocation of CofA

Please call me regarding this

From: Caporale, Antonio
Sent: Wednesday, August 26, 2020 9:14 AM
To: Belfi, Kathy <░░░░░░░░░░░>; Welch, Maura <░░░░░░░░
Subject: FW: Palmetto Security Corporation - Revocation of CofA

Good morning ladies.

Hope all's well at your end.

CTDOIFOI000280

Please let me have your comments on the attached from Atty. McGuigan.

Thanks.
Tony

**From:** Loretta A. Boggan ███████████████████████
**Sent:** Tuesday, August 25, 2020 5:05 PM
**To:** Caporale, Antonio ███████████████████
**Subject:** Palmetto Security Corporation - Revocation of CofA

EXTERNAL EMAIL: This email originated from outside of the organization. Do not click any links or open any attachments unless you trust the sender and know the content is safe.

Please see attached letter from Attorney McGuigan regarding the above matter.

Loretta A. Boggan
Legal Assistant



Hartford, CT 06103

## PRIVILEGE AND CONFIDENTIALITY NOTICE

The information in this electronic mail is intended for the addressed recipient(s) only. This email may contain privileged and confidential material from the law firm of Rome McGuigan, P.C. If you are not the intended recipient, please be advised that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this email in error, please notify the sender immediately by replying to this email or by telephone. The above signer is not a licensed attorney and nothing in this email shall be construed as legal advice. Thank you.

CTDOIFOI000281

EXHIBIT 9

## Caporale, Antonio

**From:** Caporale, Antonio
**Sent:** Friday, December 11, 2020 2:57 PM
**To:** Welch, Maura
**Subject:** RE: Palmetto Surety

Hi Maura,

I can't get any audio.

Tony

**From:** Welch, Maura
**Sent:** Friday, December 11, 2020 11:50 AM
**To:** Kosky, Jared <█████████████ >; Belfi, Kathy <██████████████ >; Caporale, Antonio
<█████████████>
**Subject:** FW: Palmetto Surety

For our call this afternoon,

Paragraph 2 on page 2 of Rome McGuigan's letter implies that our statute 38a-73 constitutes an illegal restraint on trade. I just wanted to point out that SC has a very similar statute which I found on NILS:

South Carolina Insurance Code

TITLE 38 -- INSURANCE...Chapter 55 -- CONDUCT OF INSURANCE BUSINESS...Article 1. General Provisions

### 38-55-30

Limit on risk assumption

**Former Citations**  38-9-180

Except as otherwise provided in this title, no insurer doing business in this State may expose itself to a loss on one risk in an amount exceeding ten percent of its surplus to policyholders. A risk or portion of it which has been reinsured must be deducted in determining the limitation of risk prescribed in this section. This section does not apply to captive insurers.

We, of course, are sticking to a strict interpretation of this statute while SC interprets their statute differently (see email below from Michael Shull below). See you later.

Maura Welch
Connecticut Insurance Department
████████████

**From:** Michael Shull <████████████████
**Sent:** Thursday, March 5, 2020 3:10 PM
**To:** Welch, Maura <█████████████
**Cc:** Ryan Basnett <███████████████; Thomas Baldwin <█████████████████
**Subject:** RE: Palmetto Surety

CTDOIFOI000116

Hey Maura, per our conversation, I attached the amended confidential supervision order with the additional stipulations.

Also, I spoke with our legal area about our interpretation of the retention limit of 10% of C&S, but I'll take a shot at it. Our department has taken the approach to let bail bond companies reduce their retention by using collateral and BUF funds for the agent who wrote a bond. Our law states that a company can't retain more than 10% of their C&S, but reinsurance can be used to reduce the retention. We view legitimate collateral and BUF funds as an alternative to reinsurance to accomplish the same intent of lowering the exposure to C&S.

Please let me know if you have any questions or need more information.

Thank you,
Michael

CTDOIFOI000117



EXHIBIT 10

 # STATE OF CONNECTICUT

*INSURANCE DEPARTMENT*

December 30, 2020

Attorney A. Ryan McGuigan
Rome McGuigan, P.C.
One State Street
Hartford, CT 06103

Re:   Clarification of Stipulation and Consent Order, Docket No. Mc 20-94

Dear Ryan:

Please accept the following as response to your letter to Commissioner Mais dated December 7, 2020 in which you request that the Connecticut Insurance Department ("Department") clarify the provision of the Stipulation and Consent Order ("Stipulation") entered into by the Department and Palmetto on September 28, 2020, which among other things, restricts Palmetto from underwriting surety bail bonds in excess of ten percent of Palmetto's capital and surplus in "any jurisdiction".

Specifically, you request that the Department clarify that such provision only applies to bonds that Palmetto underwrites within the State of Connecticut, but does not prevent Palmetto from underwriting bonds in excess of the stated limits in any other U.S. jurisdiction that does not have the same limitation as Connecticut.

As related by the Department in a recent call with Palmetto's management, the position that you advocate for is not the one intended in the Stipulation.

Applicable Connecticut law, CGS §38a-73(a) states, in pertinent part, as follows:

> No stock insurance company doing business in this state shall expose itself to loss on any one risk to an amount exceeding ten per cent of its paid-up capital and surplus; but, in determining the amount of such risk, no portion thereof that has been reinsured in any insurance company that meets the requirements of section 38a-85 or 38a-86 shall be included.

Although other states may not have the same limitation as Connecticut, or may allow Palmetto to offset in other ways the gross risk on any one bond, the Department only allows the amount at risk to be reduced through reinsurance obtained from an insurer that is authorized or approved to act as a reinsurer in Palmetto's state of domicile. Such statute was enacted in Connecticut to protect the solvency of any insurance company doing business in our State and to protect Connecticut residents, or in the case of an insurer underwriting surety bail bonds, the State of Connecticut by making sure that any insurer operating within this state has sufficient reserves to pay the obligations incurred. In taking into account

whether an insurer maintains adequate capital to support business placed in Connecticut, and its consequent ability to pay its obligations in our state, the Department considers all the operations of such insurer, wherever undertaken, not only the business placed in our state.

In your letter you state that "[a] reasonable interpretation of Section 3 of the Consent Order [the provision restricting the amount of any single surety bail bond that Palmetto is allowed to underwrite] is that in the event that Palmetto writes a surety bail bond in excess of ten percent (10%) of its paid-up capital and surplus in any jurisdiction, then Palmetto's license in the State of Connecticut is subject to restriction". The Department agrees wholeheartedly with your interpretation of the Stipulation, as expressed above. However, contrary to your assertion that such restriction is an illegal restraint on trade, the amount limitation is absolutely essential for the protection of Connecticut policyholders and, in the case of Palmetto and the nature of its business, for the protection of the State of Connecticut itself.

In addition, the Department has become aware that on October 23, 2020, after the effective date of the Stipulation, Palmetto has underwritten a large bond in the amount of $650,000.00 on a risk located in North Carolina. As indicated above, the location of the risk is not relevant in determining solvency issues. The total amount at risk of $650,000.00 exceeds the 10% limit under CGS §38a-73(a) and places the entire company at risk by raising the possibility that Palmetto may become insolvent if the bond becomes due and Palmetto is not immediately able to cover the amount owed.

Because Palmetto has violated the provisions of the Stipulation, pursuant to its terms, Palmetto's authority to write business in Connecticut is hereby immediately reduced. Specifically, as of the date of this communication, a restriction has been placed on Palmetto's license in Connecticut, prior authorization to write fidelity and surety line of business is revoked and the Company may continue only to service existing outstanding surety bonds. The amended license will be mailed to your client.

Palmetto may reapply to the Department to have the line of authority reinstated only upon proof that it will operate in accordance with Connecticut laws.

Sincerely,

Anthony Caporale
Counsel
Connecticut Insurance Department

cc:     Kathy Belfi