EXHIBIT H

```
 1                    UNITED STATES DISTRICT COURT
                        DISTRICT OF CONNECTICUT
 2

 3    Civil Action No. 3:21-00221 (SRU)

 4    - - - - - - - - - - - - - - - -X

 5    ANNA K. CURRY,

 6                    Plaintiff,

 7        vs.

 8    PALMETTO SURETY CORPORATION,
      24/7 BAILBONDS, LLC,
 9    WILLIAM Sobota and JERRY CAO,

10                    Defendants.
      - - - - - - - - - - - - - - - -X
11

12

13

14

15           R E M O T E   D E P O S I T I O N

16            The remote deposition of DONALD F. MESCIA

17    III was taken pursuant to Notice before

18    Viktoria V. Stockmal, RMR, CRR, License #00251,

19    located in Southbury, Connecticut, a Notary

20    Public in and for the State of Connecticut, on

21    April 5, 2022 at 9:00 a.m.

22

23

24

25
```


```
 1   A P P E A R A N C E S:
     (APPEARING REMOTELY)
 2
         ATTORNEYS FOR THE PLAINTIFF
 3
             LAW OFFICES OF STEPHEN J. CURLEY, LLC
 4           Six Landmark Square, Fourth Floor
             Stamford, CT 06901
 5           203-327-1317
             scurley@cur-law.com
 6
     BY:     STEPHEN J. CURLEY, ESQ.
 7

 8
         ATTORNEYS FOR THE DEFENDANT
 9
             ROME McGUIGAN, P.C.
10           One State Street, 21st Floor
             Hartford, CT  06103
11           jburns@rms-law.com

12   BY:     JOSEPH BURNS, ESQ.

13

14   A L S O   P R E S E N T:

15           ANNA K. CURRY

16           AMANDA McKENDRICK, ESQ.

17

18

19

20

21

22

23

24

25
```

```
 1                    S T I P U L A T I O N S
 2
 3            IT IS HEREBY STIPULATED AND AGREED TO
 4   by and among counsel for the respective parties hereto
 5   that all technicalities as to the proof of the official
 6   character of the authority before whom the deposition is
 7   to be taken are waived.
 8
 9            IT IS FURTHER STIPULATED AND AGREED TO
10   by and among counsel for the respective parties hereto
11   that any objections to the sufficiency of the Notice are
12   waived.
13
14            IT IS FURTHER STIPULATED AND AGREED TO
15   by and among counsel for the respective parties hereto
16   that all objections, except as to form, are reserved to
17   the time of trial.
18
19            IT IS FURTHER STIPULATED AND AGREED TO
20   by and among counsel for the respective parties hereto
21   that the reading and the signing of the deposition by the
22   deponent are NOT waived.
23
24
25
```

```
1    Q    When did you become aware of this lawsuit?
2    A    I don't know a time frame.
3    Q    Do you have a recollection of being aware of
4  Exhibit 16's existence prior to the initiation of this
5  lawsuit?
6    A    No.
7    Q    Do you have a recollection of the Connecticut
8  Department of Insurance making any reference to Exhibit
9  16 prior to the entry of the stipulation in the fall of
10 2020?
11   A    Not prior to the stipulation.
12   Q    Do you recall discussing the contents of
13 Exhibit 16 with Mr. Willis prior to the issuance of the
14 Dulos bond?
15   A    No.
16   Q    Has it ever come to your attention that the
17 Connecticut Department of Insurance took the position
18 that collateral could not offset the 10 percent
19 restriction?
20   A    Upon the stipulation --
21        MR. BURNS:  Object to the form.
22 BY MR. CURLEY:
23   Q    So you only became aware of that position in
24 the context of the stipulation; is that correct?
25   A    Yes, sir.
```

1     Q    No one at Palmetto ever made you aware that the
2 Connecticut Department of Insurance took that position
3 prior to the fall of 2020; is that your testimony?
4     A    Yes. Typically that would be stipulated to us
5 in our certificate of authority. Previous to that, we
6 would -- under my understanding and how I've been
7 trained, we would default to our domiciled state's
8 regulation and audit.
9     Q    And the statement that you just made, upon what
10 do you base that understanding?
11     A    The way that we operate in other states. We
12 are audited every five years by our domicile state.
13 Those records become available to the inspection and
14 operation of our foreign states; and if our foreign
15 states have, in my experience, have any discrepancies or
16 things that they would want additional information in,
17 then they would contact our domiciled state to obtain
18 that information.
19     Q    Is it fair to state that prior to the issuance
20 of the Dulos bond, you personally were unaware of the
21 existence of Exhibit 16?
22     A    Yes.
23     Q    And between the issuance of the Dulos bond and
24 the execution of the stipulation as you put it in the
25 fall of 2020, you have no specific recollection of the

```
1   existence of Exhibit 16; is that right?
2        A    I would believe that to be true.
3        Q    And in the classes that you have taken in
4   association with being a bail bondsman in the state of
5   South Carolina --
6        A    Yes.
7        Q    -- have you ever been made aware of a statute
8   similar to Exhibit 16?
9        A    No, sir.
10       Q    And when you've taught other bail bonds people
11  about how to get licensed and maintain their good
12  standing, have you ever discussed a statute similar to
13  Exhibit 16?
14            MR. BURNS:  Objection to form.
15  BY MR. CURLEY:
16       Q    I'm sorry, you may --
17       A    No, sir.
18       Q    Have you ever discussed Exhibit 16 with
19  Mr. Sobota?
20       A    No, sir.  I don't believe so, no.
21       Q    Aside -- Have you ever discussed Exhibit 16
22  with Mr. Willis?
23       A    Throughout the duration of this, yes.
24       Q    And what do you recollect of those
25  conversations?
```

1 A Well I would recollect that we were all under
2 the same understanding, we are controlled by or domiciled
3 state who allows us to re-insure our risk through
4 collateral, and that collateral would subsidize the risk
5 that Palmetto Surety obtains. And that is how Palmetto's
6 operated since before I got here, at least when I got
7 here because that's how I was trained in it.

8 Q And prior to this issue being raised by the
9 State of Connecticut, to your understanding has any other
10 jurisdiction raised a similar issue with Palmetto?

11 A No, sir.

12 Q To your understanding, did Palmetto articulate
13 its understanding that collateral could offset these
14 restrictions to the State of Connecticut?

15 A I don't know, sir.

16 Q That would be a question for Mr. Willis?

17 A Yes, sir.

18 Q I wanted to follow-up on, based on that with
19 Exhibit 53 for a moment. Go back to that first page of
20 Exhibit 53. Now at the time that you sent this e-mail to
21 Mr. Willis on January the 8th, 6:53 p.m. or thereabouts,
22 did you have an understanding as to Palmetto's capital
23 and surplus?

24 A No, sir.

25 Q Did you give any consideration whatsoever as to

```
 1                      CERTIFICATE

 2   STATE OF CONNECTICUT  )
                           )    SS    SOUTHBURY
 3   COUNTY OF NEW HAVEN   )

 4

 5
          I, VIKTORIA V. STOCKMAL, a Notary Public duly
 6   commissioned and qualified in and for the county of
     Fairfield, State of Connecticut, do hereby certify that
 7   pursuant to the notice of deposition, the said witness
     came before me at the aforementioned time and place and
 8   was duly sworn by me to testify to the truth and nothing
     but the truth of his knowledge touching and concerning
 9   the matters in controversy in this cause; and his
     testimony reduced to writing under my supervision; and
10   that the deposition is a true record of the testimony
     given by the witness.
11
          I further certify that I am neither attorney of
12   nor counsel for, nor related to or employed by any of the
     parties to the action in which this deposition is taken,
13   and further that I am not a relative or employee of any
     attorney or counsel employed by the parties thereto, or
14   financially interested in the action.

15        IN WITNESS WHEREOF, I have hereunto set my hand
     and affixed my notarial seal this 19th day of April,
16   2022.

17

18
                    /s/ Viktoria Stockmal
19        _____
20              VIKTORIA V. STOCKMAL, RMR, CRR
                          Notary Public
21                    CSR License #00251

22   My commission expires October 31, 2025

23

24

25
```