UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANNA K. CURRY | : | CASE NO. 3:21-CV-00221 (SRU) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| PALMETTO SURETY CORPORATION, | : | |
| 24/7 BAIL BONDS, LLC, WILLIAM | : | |
| SOBOTA, and JERRY CAO | : | |
| *Defendants* | : | APRIL 22, 2024 |

## MOTION TO WITHDRAW APPEARANCE

Pursuant to Local Rule 7(e)[1] and Connecticut Rules of Professional Conduct (**"Professional Rules"**) Rule 1.16(a)(1) the undersigned attorney, Joseph B. Burns, hereby moves to withdraw his appearance on behalf of the defendants Palmetto Surety Corp. (**"PSC"**), 24/7 Bail Bonds, LLC (**"24/7"**), William Sobota and Jerry Cao (collectively, the **"Defendants"**), and represents as follows:

1. Following the Court's issuance of its Ruling on Summary Judgment Motions (Doc. 184), I separately conferred with each of the named defendants to discuss litigation strategy concerning trial preparation and strategy, potentials for settlement, and related matters.

2. Having considered my discussions with each of the defendants I have concluded that I am obligated pursuant to Professional Rule 1.7 to terminate my representation of all of the defendants because I am precluded from concurrent

---

[1] Local Rule 7(e) provides as follows: "Withdrawals of appearances may be accomplished only upon motion, which normally will not be granted except upon a showing that other counsel has appeared or that the party whose counsel seeks to withdraw may and has elected to proceed without counsel, and that the party has received actual notice of the motion to withdraw. In cases where the party has failed to engage other counsel or file a personal appearance, where good cause exists for permitting the withdrawal by the appearing counsel, the Court may grant the motion to withdraw the appearance after notice to the party that failure to either engage successor counsel or file a personal appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party."

1

representation of clients in the same litigation where the clients are likely to be directly adverse to each other, and where there is a significant risk that representation of one of the client's interests will be materially limited due to my professional obligations to the other clients.

3. Professional Rule 1.16(a) provides that "[e]xcept as stated in subsection (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if: (1) The representation will result in violation of the Rules of Professional Conduct or other law …." Rule 1.16(c) states that "[a] lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation."

4. I reasonably believe that continued representation of the defendants will violate Professional Rule 1.7, "Conflict of Interest: Current Clients." Rule 1.17 provides in pertinent part as follows: "(a) Except as provided in subsection (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clints will be materially limited by the lawyer's responsibilities to another client. … '(b) Notwithstanding the existence of a concurrent conflict of interest under subsection (a), a lawyer may represent a client if (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation of each affected client; … (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation …"

5.      The adverse relationship between certain of the defendants has been compounded by the fact that defendant Palmetto Surety Co. has instituted separate civil proceedings against defendant William Sobota, the owner and sole member of defendant 24/7 Bail Bonds, LLC. *See* Palmetto Surety Corp. v. William J. Sobota, Conn. Superior Court, Judicial District of New Haven at Meriden, Docket No. PJR-NNI-CV24-5017007-S.

6.      At present I do not reasonably believe I can provide the defendants competent and diligent representation as is required by Professional Rules 1.1 and 1.3.[2] *See* Rule 1.7 Commentary, Prohibited Representations; *see also,* Rule 1.7 Commentary, Conflicts in Litigation ("A conflict may exist by reason of substantial discrepancy in the parties' testimony, incompatibility of positions in relation to an opposing party or the fact that there are substantially different possibilities of settlement of the claims or liabilities in question."); Rule 1.7, Commentary, Special Considerations in Common Representation ("[A] lawyer cannot undertake common representation of clients where contentious litigation or negotiations between them are imminent or contemplated. … [I]f the relationship between the parties has already assumed antagonism, the possibility that the clients' interests can be adequately served by common representation is not very good. …").

7.      "The court has a great deal of discretion in deciding a motion for withdrawal of counsel. *See* Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir. 1999). As a first step in considering counsel's request, the court looks to the Rules of Professional Conduct as approved by the Judges of the Connecticut Superior Court; see D. Conn. L. Civ. R. 3(a); to

---

[2] Professional Rule 1.1., "Competence," provides that "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." Professional Rule 1.3, "Diligence," provides that "A lawyer shall act with reasonable diligence and promptness in representing a client."

determine whether withdrawal is permissive or mandatory given the facts presented." Vachula v. GE Capital Corp., 199 F.R.D. 454, 457 (D. Conn. 2000). "The Rules of Professional Conduct of course prohibit [counsel] from representing [client] 'if the representation involves a concurrent conflict of interest' and the conflict has not been waived or cannot be waived. Conn. R. Prof'l Cond. 1.7; Flannery v. Singer Asset Finance Co., LLC, 312 Conn. 286, 314 n.25, 94 A.3d 553 (2014). A 'concurrent conflict of interest' exists when 'the representation of one client will be directly adverse to another client,' or 'there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client.' Conn. R. Prof'l Cond. 1.7(a)." Berlin v. Greene, Docket No. 3:19-cv-01410 (JCH), 2020 U.S. Dist. LEXIS 260166, at *12-13 (D. Conn. Mar. 16, 2020).

8.  Based upon the foregoing, good cause exists for the granting of the instant motion to withdraw as counsel for each of the defendants due to the development of a concurrent, non-waivable conflict of interest.

9.  Each of the defendants have been advised in writing of the issues presented herein, and a copy of the instant Motion is being sent to each of the defendants

                                                              */s/ Joseph B. Burns*
                                                              Joseph B. Burns
                                                              Fed. Bar No. ct00403
                                                             Crumbie Law Group, LLC
                                                             650 Farmington Avenue
                                                             Hartford, CT 06105
                                                            Tel. (860) 263-3614
                                                            Fax: (860) 760-0308
                                                            Email: jburns@crumbielaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 22, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      I hereby further certify that on April 22, 2024, actual notice of the instant Motion to Withdraw Appearance has been provided by mailing a copy of said Motion to Withdraw Appearance to each of the affected parties via certified mail at the following addresses:

Scott Willis
Palmetto Surety Corporation
75 Port City Landing, Suite 130
Mt. Pleasant, SC 29464
Email: swillis@palmettosurety.com

William Sobota
24/7 Bailbonds, LLC
615 East Main Street,
Meriden, CT  06450
Email: w.sobota@yahoo.com

Jerry Cao
10 Ascoli Drive
Wallingford, CT 06492
Email: jdcao06@gmail.com

                                                          */s/ Joseph B. Burns*
                                                          Joseph B. Burns